IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY L. DAVIS,**

                        **Plaintiff,**

                                                     CIVIL ACTION
      **vs.**                                                  No. 05-3112-GTV

**LOUIS E. BRUCE, et al.,**

                        **Defendants.**

<u>**ORDER**</u>

    Before the court is a pro se complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. Plaintiff seeks damages and injunctive relief from various officials and staff at HCF and the Lansing Correctional Facility (LCF), and from specific members of the Kansas Parole Board.

    By an order dated March 25, 2005, the court directed plaintiff to supplement or amend the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a). Having reviewed plaintiff's response, the court finds the complaint should be dismissed.

    In his complaint, plaintiff alleges at least three claims. He first claims defendants violated his First Amendment right to practice his religion by denying his requests to see his dying mother or attend her funeral in January 2005. Plaintiff provides a copy of an inmate classification review sheet which considers and denies plaintiff's request to attend this funeral. Plaintiff

does not cite, describe or document any further attempt to obtain administrative review of this decision or of any alleged violation of plaintiff's rights under the First Amendment.

In his second and third claims, plaintiff alleges the violation of state statutes and regulations regarding his prison classification, and contends the incentive level classification policies at the facility subject him and other prisoners to an unreasonable risk of serious injury.  Plaintiff states his refusal to participate in recommended programming has resulted in his placement in a dangerous five man cell and the denial of contact visitation.  Plaintiff documents his full exhaustion of a specific administrative grievance by submitting a copy of the Secretary's bare incorporation and affirmation[1] of the responses provided plaintiff by facility staff and warden.  However, plaintiff fails to provide any information concerning the substance of this grievance or of any response thereto by either facility staff or the warden.  See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), cert. denied 125 S.Ct. 344 (2004).

Additionally, throughout the complaint plaintiff references error in his parole eligibility date and/or the denial of a

---

[1] See Complaint, Exhibit D (Secretary response to appeal from Grievance BA00012150).

2

parole hearing.  Although plaintiff provides a copy of letters received from the Kansas Parole Board and other state officials indicating  plaintiff was not yet eligible for parole, there is no showing that plaintiff pursued administrative review of this claim through the formal grievance procedure.

As previously stated in the order entered on March 25, 2005, 42 U.S.C. 1997e(a) requires an adequate showing of plaintiff's full exhaustion of administrative remedies on all claims presented in the complaint.  See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).  The court finds plaintiff has made no such showing in this case, and accordingly concludes the complaint should be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of April 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge